Alan L. Frank, Esq.
NY Bar No. 4211744
Alan L. Frank Law Associates, P.C.
45 Broadway, Suite 720
New York, NY 10006
215-935-1000
215-935-1110 (fax)
afrank@alflaw.net
Counsel for Plaintiff

| | | |
|---|---|---|
| AC2T, Inc., d/b/a Spartan Mosquito, | : | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action |
| Colin Purrington, | : | Case Number: 1:22-mc-00357 |
| | : | |
| Defendant. | : | |
| | : | |
| AC2T, Inc., d/b/a Spartan Mosquito, | : | |
| | : | UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action |
| Colin Purrington, | : | Case Number: 2:19-cv-05946-RBS |
| | : | |
| Defendant. | : | |
| | : | |

## PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO YITZCHAK KOPEL, ESQ. AND BURSOR & FISHER, P.A.

Plaintiff AC2T, Inc. d/b/a Spartan Mosquito, by and through its undersigned counsel,

hereby files this Motion to Compel Compliance with Subpoena Directed to Yitzchak Kopel, Esq.

and Bursor & Fisher, P.A.

I.    Facts.

On December 17, 2019, Plaintiff filed a Complaint in the Eastern District of Pennsylvania against Defendant Colin Purrington, averring that "Defendant has been obsessively defaming the Plaintiff for the past four months," in that time posting "over 90 such comments on other customers' reviews on Amazon, over 40 on Twitter, and 25 on Facebook", among other defamatory statements. (Exhibit A). Since that time, Defendant has continued to defame Plaintiff.

On May 4, 2020, Yitzchak Kopel, Esq. and the law firm of Bursor & Fisher, P.A., on behalf of Todd Consolazio, "individually and on behalf of all others similarly situated", filed a Class Action Complaint against Plaintiff, Bonner Analytical Testing Co., and Jeremy Hirsch in the Southern District of New York. (Exhibit B). Kopel and the Bursor firm allege that Plaintiff made false and misleading representations about its product, that Plaintiff's product "is a complete scam", and that it "is ineffective for mosquito control because it does not kill mosquitoes or decrease mosquito populations." (Exhibit B).

On November 9, 2022, Plaintiff served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, directed to Kopel and the Bursor firm, seeking "All communications between you and Colin Purrington, Josh Neely, Chris Kimmel, Donald Yee, Sharon Sims, Spartan Mosquito, the Spartan Mosquito Eradicator, and/or Jeremy Hirsch. (Exhibit C).

On November 28, 2022, Kopel and the Bursor firm wrote to Plaintiff's counsel, stating:

Dear Mr. Frank:

I am in receipt of your subpoena. I am writing to provide you with objections thereto pursuant to Fed. R. Civ. P. 45(d)(2)(B) on behalf of myself and my law firm, Bursor & Fisher, P.A. Based on these objections, we will not be producing any documents in response to your subpoena.

1. The requests are overbroad, irrelevant, impose undue burden, and are made solely for improper purposes. Communications to which Mr. Purrington was not a party cannot conceivably give rise to a claim that Mr. Purrington defamed Spartan. Moreover, your complaint does not allege any claim for defamation in connection with communications to me or my firm. None of our communications have any relevance to the claims at issue in your case.

2. The requests seek privileged attorney work product. Any communications between my firm and any of the parties listed on the subpoena regarding Spartan were in furtherance of our prosecution of the pending class action against Spartan.

3. Any communications with Mr. Purrington should appropriately be sought directly from him, since he is a party to the action, rather than via third-party subpoena.

This is an abuse of the subpoena power in an attempt to gain access to my work product from my investigation in Spartan's class action. If you attempt to enforce the subpoena, we reserve our right to seek sanctions from the court in Pennsylvania. We will also inform the court in our case of this remarkable attorney misconduct.

Respectfully,
Yitzchask Kopel

(Exhibit D).

However, Kopel and the Bursor firm do not represent Defendant Purrington or any of the individuals listed in the subpoena. Further, Kopel and the Bursor firm have discussed with third parties the conversations they had with Defendant Purrington, without any pre-existing attorney-client relationship or expectation of confidentiality. For example, in an email to an entomologist, Kopel states:

Hi Dr. Yee:

I am a consumer protection lawyer in Manhattan and I am investigating Spartan Mosquito. I also have a significant practice

3

of suing distributors of other defective mosquito products. I've been in touch with Josh Neely and Colin Purrington, both of whom suggested that you might be willing to speak with me. Please let me know if you're available to talk by phone.

Thanks,
Yitz Kopel

(Exhibit E). There is no indication that Kopel is representing either Josh Neely or Defendant Purrington, and in fact, Kopel disclosed his communications with Defendant Purrington to this third party. (Exhibit E). Further, it is clear that Defendant Purrington told Kopel something negative about Plaintiff. (Exhibit E). Indeed, Kopel states that he sues distributors of "other defective mosquito products". In this context, "other" can only mean "other than this one" (Plaintiff's product). This is itself a factual, defamatory allegation in an introductory email to the recipient, when there is no pre-existing attorney-client privilege or other expectation of confidentiality. Given that this is a defamation case, Plaintiff has the right to know what was said between Kopel, Defendant Purrington, and Josh Neely.

On December 14, 2022, Plaintiff's counsel called Kopel to meet and confer. (Exhibit F). However, Kopel was unavailable for the rest of the week. (Exhibit F). Discovery ends on December 16, 2022.

## II.    Argument.

The Federal Rules of Civil Procedure allow for broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense..." Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 45, a party may compel production of documents within the "possession, custody, or control" of non-parties. Fed. R. Civ. P. 45(d)(2)(B). The scope of discovery pursuant to Rule 45 is the same as Rule 26(b). *Miller v. Allstate Fire & Cas. Ins. Co.*, Civ. No. 07-260, 2009 U.S. Dist. LEXIS 21225, 2009 WL 700142, at *2 (W. D. Pa. Mar. 17, 2009). The party

"responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

The Rules give federal courts the ability to compel compliance with subpoenas seeking relevant information. *N. Am. Co. for Life & Health Ins. v. Fuhrmeister*, No. 14-cv-02823, 2015 U.S. Dist. LEXIS 124109, at *4 (E.D. Pa. Sep. 17, 2015) (citing *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996); *see also* Fed. R. Civ. P. 37 and 45(g). "[A]ny controversies regarding the production of documents from nonparty witnesses shall be decided in the court which issued the subpoena, unless the nonparty consents to determination elsewhere." *Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, No. 17-MC-102, 2017 U.S. Dist. LEXIS 123067, at *4 (E.D. Pa. Aug. 4, 2017) (citing *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 380-81 (W.D. Pa. 2005)).

"[T]here 'is no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in [a party's] possession'; in fact, they 'may yield different versions of documents, additional material, or perhaps, significant omissions.'" *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 504 (D.N.J. 2021) (citing *Mallinckrodt LLC v. Actavis Labs. Fl*, No. 2:15-cv-3800 (KSH)(CLW), 2017 U.S. Dist. LEXIS 18909, at *10 (D.N.J. Feb. 10, 2017)).

Here, Kopel and the Bursor firm's objections are not proper. First, Kopel and the Bursor firm are incorrect that any communications without Defendant Purrington as a participant "could not conceivably give rise to a claim that Mr. Purrington defamed Spartan." To the contrary, Kopel and the Bursor firm have discussed with third parties the conversations they had with Defendant Purrington. For example, in an email to an entomologist, Kopel states:

> Hi Dr. Yee:
>
> I am a consumer protection lawyer in Manhattan and I am
> investigating Spartan Mosquito. I also have a significant practice

of suing distributors of other defective mosquito products. I've been in touch with Josh Neely and Colin Purrington, both of whom suggested that you might be willing to speak with me. Please let me know if you're available to talk by phone.

Thanks,
Yitz Kopel

(Exhibit E). There is no indication that Kopel is representing either Josh Neely or Defendant Purrington, and in fact, Kopel disclosed his communications with Defendant Purrington to this third party. (Exhibit E). Further, it is clear that Defendant Purrington told Kopel something negative about Plaintiff. (Exhibit E). Indeed, Kopel states that he sues distributors of "other defective mosquito products". In this context, "other" can only mean "other than this one" (Plaintiff's product). This is itself a factual, defamatory allegation in an introductory email to the recipient, when there is no pre-existing attorney-client privilege or other expectation of confidentiality. Given that this is a defamation case, Plaintiff has the right to know what was said between Kopel, Defendant Purrington, and Josh Neely. For these reasons, Kopel and the Bursor firm's first objection is improper.

Second, Kopel and the Bursor firm's objection based on attorney work product is improper. Kopel and the Bursor firm do not represent Defendant Purrington or any of the individuals listed in the subpoena. Rather, Kopel and the Bursor firm proceeded to contact non-clients about Plaintiff and Plaintiff's product, without any pre-existing attorney-client privilege or other expectation of confidentiality.

Finally, Kopel and the Bursor firm's objection that Plaintiff should seek the requested documents from Defendant Purrington directly is improper. Plaintiff has the right to seek nonparty discovery of documents, even if those same documents are likely to be in the possession of a party. *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 504 (D.N.J. 2021).

6

## III. Conclusion.

For these reasons, the Court should compel Yitzchak Kopel, Esq. and Bursor & Fisher, P.A. to produce all documents responsive to the subpoena.

Respectfully submitted,

Alan L. Frank, Esq. (NY #4211744)
Alan L. Frank Law Associates, P.C.
45 Broadway, Suite 720
New York, NY 10006
afrank@alflaw.net
Counsel for Plaintiff

December 15, 2022